**Order entered December 6, 2018**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01331-CV

### IN THE INTEREST OF Y.T.L. AND Y.J.L., MINORS

**On Appeal from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-13-19785**

## ORDER

We **REINSTATE** this appeal which we abated to allow the trial court an opportunity to conduct a hearing to determine whether an amicus attorney or attorney ad litem should be appointed to represent the children. Our abatement order directed that a reporter's record of the hearing and a supplemental clerk's record containing a copy of the trial court's findings and any order of appointment be filed no later than December 7, 2018. The reporter's record has been filed. It reflects the trial court conducted a hearing on November 29, 2018 and appointed Stephanie Pond to represent the children. Accordingly, we **DIRECT** the Clerk of the Court to designate Ms. Pond as counsel for the children.

As we stated in our abatement order, this appeal was filed by the children pro se following the trial court's October 24, 2018 order terminating parental rights and granting adoption nunc pro tunc. The appeal, however, challenges the original order which was signed October 27, 2015.

Because an appeal from a termination order must generally be filed within twenty days from the date of judgment, we **ORDER** Ms. Pond, on behalf of the children, to file a letter brief addressing our jurisdiction over the appeal. *See* TEX. R. APP. P. 26.1(b), 28.4(a); *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.–Dallas 2009, no pet.) (op. on reh'g) (timely filing of notice of appeal is jurisdictional). The letter brief shall be filed no later than December 16, 2018. Appellees may file any response within five days of the filing of the children's letter brief. If any party relies on documents not contained in the clerk's record, that party shall have filed a supplemental clerk's record containing those documents.

Until the Court determines its jurisdiction, the children's brief on the merits need not be filed. The deadline for filing the brief will be reset if the Court determines it has jurisdiction over the appeal. If the Court determines it does not have jurisdiction over the appeal, or the letter brief is not filed, the appeal will be dismissed without further notice. *See* TEX. R. APP. P. 42.3(a),(c).

/s/    CAROLYN WRIGHT
CHIEF JUSTICE